UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRAY A. BRADLEY, JR.,

     Plaintiff,

       v.                         CAUSE NO. 3:24-CV-59-JD-JEM

T. CORNETT, GLOBAL TEL LINK, J.
FARLEY, CORNETT, S. SMITH,
NOLAN,

     Defendants.

<u>OPINION AND ORDER</u>

Tyray A. Bradley, Jr., a prisoner without a lawyer, filed a complaint with a vague list of problems he has encountered while in the Westville Control Unit. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bradley first complains that in the Westville Control Unit, he has not had access to the phone to make legal calls or obtain legal counsel for the two other cases he filed in this court. He blames Unit Team Manager Cornett, Major Cornett, and Global Tel Link for not fixing the problem after he brought it to their attention. It appears Bradley

might be asserting an access-to-the-courts claim because he complains about not being able to use the phones to look for an attorney. The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). To establish a violation of the right to access the courts, a plaintiff must show that unjustified acts or conditions (by a defendant acting under color of law) hindered the plaintiff's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith*, 430 U.S. 817 (1977) did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). Accordingly, "the mere denial of . . . legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Bradley does not allege any actual injury to a legal claim, and so this does not state a claim.

Bradley complains that he has had constant problems with outgoing and incoming mail and says he has concerns about the handling of the mail but does not say what his specific concerns are. He blames Unit Team Manager Cornett for not implementing new mail protocols, but Bradley does not explain what problems he has had with the mail that would require new protocols. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Next, Bradley complains that the grievance specialist, Ms. S. Smith, does not respond to his grievances or process them properly, impeding his ability to exhaust the grievance process. He alleges he notified Captain J. Farley about these problems, but the captain has failed to address them. This does not state a claim. Bradley has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). He cannot proceed against these defendants based solely on allegations that Smith does not process the grievances properly.

Finally, Bradley alleges that Sergeant Nolan made copies of his civil docket sheet on December 21, 2023, and when Bradley returned to his cell he found he was missing multiple pages. Bradley believes this was done in retaliation for Nolan being named a defendant in another lawsuit. "To establish a prima facie case of unlawful retaliation, a

plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). Filing a lawsuit is protected First Amendment activity. But Bradley's complaint does not contain enough information about the circumstances of the missing pages to allow the court to conclude that it was a sufficient deprivation or that Nolan plausibly took that action in retaliation for being named in a lawsuit.

This complaint does not state a claim for which relief can be granted. If Bradley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Tyray A. Bradley, Jr., until **September 5, 2024**, to file an amended complaint; and

(2) CAUTIONS Tyray A. Bradley, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 31, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT